**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 04-4947

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STANLEY O'NEAL GILL,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (CR-04-20-F)

_____

Submitted: August 31, 2005          Decided: October 4, 2005

_____

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.L.L.C., Wilmington, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Stanley O'Neal Gill pled guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine and 5 grams or more of cocaine base (crack), 21 U.S.C. § 846 (2000) (Count One), and possession of 500 grams of more of cocaine with intent to distribute, 21 U.S.C. § 841(a) (2000) (Count Two). The district court imposed a guideline sentence of 262 months imprisonment and an identical alternative sentence under its statutory authority, 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). Gill appeals his sentence, asserting that resentencing is required under United States v. Booker, 125 S. Ct. 738 (2005). We affirm.

Following his guilty plea, Gill objected to the drug quantities for which he was held responsible in the presentence report, as well as to the recommended four-level leader adjustment, and two-level enhancement for possession of a firearm during the offense. Citing Blakely v. Washington, 542 U.S. 296 (2004), he argued that the sentence enhancements were based on facts he had neither been charged with nor admitted and thus violated the Sixth Amendment.

At the sentencing hearing on October 18, 2004, the district court overruled Gill's Blakely motion, heard the government's evidence of Gill's drug-related activities from six witnesses, and determined that Gill was responsible for 15.5 kilograms of cocaine and 5.4 kilograms of crack. The court gave

Gill a two-level adjustment for his leadership role rather than the four-level adjustment recommended in the presentence report, added a two-level enhancement for possession of a firearm during the offense, and gave Gill a three-level reduction for acceptance of responsibility. The final offense level was 39. Gill was in criminal history category I, making the guideline range 262-327 months. Because of Gill's long military service, the court imposed the minimum guideline sentence of 262 months. The court recommended an intensive drug treatment program in light of Gill's drug addiction. The court then imposed an identical alternative sentence of 262 months under its statutory authority, 18 U.S.C. § 3553(a).

Gill contends on appeal that his sentence was imposed in violation of the Sixth Amendment, that he should be resentenced under an advisory guideline scheme, and that his sentence was unreasonable.

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that its holding in Blakely applied to the federal sentencing guidelines and that the mandatory manner in which the guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 755-56. The Court remedied the constitutional violation by severing two statutory provisions that required sentencing courts to impose

a sentence within the applicable guideline range, and set forth appellate standards of review for guideline issues, thereby making the guidelines advisory. Id. at 756-67.

After Booker, courts must calculate the appropriate guidelines range, consider the range in conjunction with other relevant factors under the guidelines and § 3553(a), and impose a sentence. This remedial scheme applies to any sentence imposed under the mandatory sentencing guidelines, regardless of whether or not the sentence violates the Sixth Amendment. Booker, 125 S. Ct. at 769. However, ordinary doctrines such as plain error and harmless error still apply. Id.

Because Gill did not admit the drug quantities found by the district court, his leadership role in the conspiracy, or that the firearm enhancement was warranted, the district court's factual findings on these issues, all of which increased the sentence, violated the Sixth Amendment. The government concedes error in this respect. However, because the district court imposed an alternative discretionary sentence pursuant to § 3553(a) that was identical to the guidelines sentence, the Sixth Amendment error was harmless.

Gill claims that he is entitled to a new sentencing under an advisory guidelines scheme. We disagree. Under either a plain error or harmless error standard of review, in light of the identical alternative sentence imposed by the district court, we

conclude that no reversible error occurred.  See United States v. White, 405 F.3d 208, 223 (4th Cir. 2005) (noting that substantial rights inquiry under plain or harmless error is the same and that only difference is who bears burden of proof).

Finally, to the extent that reasonableness review is available to a defendant sentenced before Booker announced its remedial scheme, we conclude that the sentence was reasonable.  The Sixth Amendment error was harmless and Gill has not shown that he was prejudiced by the error of treating the guidelines as mandatory.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED